# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| Droplets, Inc., § § Plaintiff, § § vs. § § eBay, Inc., § Nordstrom, Inc., § Overstock.com, Inc., § Sears Roebuck & Co., § Sears Brands LLC, § Sears Holdings Corporation, § Target Corporation., § Target Brands, Inc., and § Williams Sonoma, Inc. § § Defendants. § | Civil Action No. 2:11-cv-401 JURY TRIAL |

## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Droplets, Inc. ("Droplets" or "Plaintiff") files this Complaint for patent infringement against Defendants eBay, Inc. ("eBay"), Nordstrom, Inc. ("Nordstrom"), Overstock.com, Inc. ("Overstock"), Sears Roebuck & Co., Sears Brands LLC, Sears Holdings Corporation ("Sears"), Target Corporation, Target Brands, Inc. ("Target"), and Williams Sonoma, Inc. ("Williams Sonoma") (collectively "Defendants"), and alleges as follows:

### I. PARTIES

1. Plaintiff Droplets is a corporation organized and existing under the laws of Delaware, with its principal place of business at 555 Republic Dr., Ste. 311, Plano, TX 75074. Droplets is an innovative software development corporation focused on technology for developing and delivering highly functional and scalable applications over the Internet. As a

1

result of this leading-edge development, Droplets has received patents on its platform, which includes deployment of rich internet applications and related technology. Droplets has sold products based on its technology to Global 1000 enterprises, U.S. armed services, independent software vendors, and application service providers.

2. Upon information and belief, eBay is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2145 Hamilton Avenue, San Jose, California 95125-5905. eBay may be served with process by serving its registered agent, National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, DE 19904.

3. Upon information and belief, Nordstrom is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Washington, with its principal place of business at 1617 Sixth Avenue, Seattle, Washington 98101. Nordstrom may be served with process by serving its registered agent, Robert S. Bari, 1700 7th Ave, Suite 700, Seattle, WA 98101.

4. Upon information and belief, Overstock is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6350 South 3000 East, Salt Lake City, UT 84121. Overstock may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

5. Upon information and belief, Sears Roebuck & Co., is and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of New York, with its principal place of business at 3333 Beverly Road, Hoffman Estates, IL 60179.

Sears Roebuck & Co. may be served with process by serving its registered agent, CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

6. Upon information and belief, Sears Brands LLC, is and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the state of Illinois, with its principal place of business at 3333 Beverly Road, Hoffman Estates, IL 60179. Sears Brands LLC may be served with process by serving its registered agent, CT Corporation System, 208 S. LaSalle St., Ste 814, Chicago, IL 60604.

7. Upon information and belief, Sears Holdings Corporation, is and at all relevant times mentioned herein was, a Delaware corporation, with its principal place of business at 3333 Beverly Road, Hoffman Estates, IL 60179. Sears Holding Corporation may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange Street; Wilmington, DE 19801.

8. Upon information and belief, Target Corporation, is and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. Target Corporation may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul St., Dallas, TX 75201.

9. Upon information and belief, Target Brands, Inc., is and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. Target Corporation may be served with process by at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

10. Upon information and belief, Williams Sonoma, is and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3520 Van Ness Avenue, San Francisco, CA 94109. Williams Sonoma may be served with process by serving its registered agent, Corporation Service Co., 2711 Centerville Rd., Ste. 400, Wilmington, DE 19808.

## II. JURISDICTION AND VENUE

11. Plaintiff repeats and re-alleges the allegations in Paragraphs 1 through 13 as though fully set forth in their entirety.

12. This action arises under the patent laws of the United States, Title 35, United States Code § 1, *et seq*. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

13. Personal jurisdiction exists generally over each of the Defendants because each has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas. Personal jurisdiction also exists specifically over each of the Defendants because each, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the State of Texas, and more particularly, within the Eastern District of Texas, that infringe the patents-in-suit, as described more particularly below.

14. On information and belief, eBay directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the Eastern District of Texas that infringe the patents-in-suit through its www.ebay.com website and/or other eBay owned/controlled websites.

15. On information and belief, Nordstrom directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the Eastern District of Texas that infringe the patents-in-suit through its www.nordstrom.com website and/or other Nordstrom owned/controlled websites.

16. On information and belief, Overstock directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the Eastern District of Texas that infringe the patents-in-suit through its www.overstock.com website and/or other Overstock owned/controlled websites.

17. On information and belief, Sears directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the Eastern District of Texas that infringe the patents-in-suit through its www.sears.com website and/or other Sears owned/controlled websites.

18. On information and belief, Target directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the Eastern District of Texas that infringe the patents-in-suit through its www.target.com website and/or other Target owned/controlled websites.

19. On information and belief, Williams Sonoma directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the Eastern District of Texas that infringe the patents-in-suit through its www.williams-sonoma.com website and/or other Williams Sonoma owned/controlled websites.

20. Venue is appropriate in the Eastern District of Texas under 28 U.S.C. §§ 1391(b)–(c), 1400(b), and 1404.

### III. PATENT INFRINGEMENT

21. Plaintiff repeats and re-alleges the allegations in Paragraphs 1 through 24 as though fully set forth in their entirety.

22. United States Patent No. 6,687,745 ("the '745 Patent") entitled "System and method for delivering a graphical user interface of remote applications over a thin bandwidth connection," was duly and legally issued by the United States Patent and Trademark Office on February 3, 2004 after full and fair examination. An *inter partes* reexamination of the '745 Patent was filed on August 3, 2007. On March 1, 2011, the United States Patent Office duly and legally issued an *Inter Partes* Reexamination Certificate No. 6,687,745 C1 confirming the patentability of all claims of the '745 Patent and adding claims 27-104 determined to be patentable. Droplets is the assignee of all rights, title, and interest in the '745 Patent, including the right to recover damages for past infringement. A copy of the '745 Patent is attached as Exhibit A to this Complaint.

23. United States Patent No. 7,502,838 ("the '838 Patent") entitled "System and method for delivering remotely stored applications and information," was duly and legally issued by the United States Patent and Trademark Office on March 10, 2009 after full and fair examination. Droplets is the assignee of all rights, title, and interest in the '838 patent, including the right to recover damages for past infringement. A copy of the '838 Patent is attached as Exhibit B to this Complaint.

24. Together the '745 Patent and the '838 Patent comprise the "patents-in-suit."

25. eBay has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '745 Patent and/or the '838 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of eBay that transmit and display search suggestions and that are made available to users through web pages owned or controlled by eBay; and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

26. eBay indirectly infringes one or more claims of the '745 Patent or the '838 Patent by inducement under 35 U.S.C. § 271(b). eBay has induced and continues to induce users of the accused web applications, software, and computer equipment identified above to directly infringe one or more claims of the '745 Patent and/or the '838 Patent. eBay indirectly infringes one or more claims of the '745 Patent and/or the '838 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the accused web applications, software, and computer equipment identified above, eBay contributes to the direct infringement of users of said applications, software, and computer equipment.

27. Nordstrom has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '745 Patent and/or the '838 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of Nordstrom that transmit

and display search suggestions and that are made available to users through web pages owned or controlled by Nordstrom; and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

28. Nordstrom indirectly infringes one or more claims of the '745 Patent or the '838 Patent by inducement under 35 U.S.C. § 271(b). Nordstrom has induced and continues to induce users of the accused web applications, software, and computer equipment identified above to directly infringe one or more claims of the '745 Patent and/or the '838 Patent. Nordstrom indirectly infringes one or more claims of the '745 Patent and/or the '838 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the accused web applications, software, and computer equipment identified above, Nordstrom contributes to the direct infringement of users of said applications, software, and computer equipment.

29. Overstock has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '745 Patent and/or the '838 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of Overstock that transmit and display search suggestions and that are made available to users through web pages owned or controlled by Overstock; and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

30. Overstock indirectly infringes one or more claims of the '745 Patent or the '838 Patent by inducement under 35 U.S.C. § 271(b). Overstock has induced and continues to induce users of the accused web applications, software, and computer equipment identified above to

directly infringe one or more claims of the '745 Patent and/or the '838 Patent. Overstock indirectly infringes one or more claims of the '745 Patent and/or the '838 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the accused web applications, software, and computer equipment identified above, Overstock contributes to the direct infringement of users of said applications, software, and computer equipment.

31. Sears has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '745 Patent and/or the '838 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of Sears that transmit and display search suggestions and that are made available to users through web pages owned or controlled by Sears; and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

32. Sears indirectly infringes one or more claims of the '745 Patent or the '838 Patent by inducement under 35 U.S.C. § 271(b). Sears has induced and continues to induce users of the accused web applications, software, and computer equipment identified above to directly infringe one or more claims of the '745 Patent and/or the '838 Patent. Sears indirectly infringes one or more claims of the '745 Patent and/or the '838 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the accused web applications, software, and computer equipment identified above, Sears contributes to the direct infringement of users of said applications, software, and computer equipment.

33. Target has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '745 Patent and/or the '838 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of Target that transmit and display search suggestions and that are made available to users through web pages owned or controlled by Target; and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

34. Target indirectly infringes one or more claims of the '745 Patent or the '838 Patent by inducement under 35 U.S.C. § 271(b). Target has induced and continues to induce users of the accused web applications, software, and computer equipment identified above to directly infringe one or more claims of the '745 Patent and/or the '838 Patent. Target indirectly infringes one or more claims of the '745 Patent and/or the '838 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the accused web applications, software, and computer equipment identified above, Target contributes to the direct infringement of users of said applications, software, and computer equipment.

35. Williams Sonoma has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '745 Patent and/or the '838 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of Williams Sonoma that

transmit and display search suggestions and that are made available to users through web pages owned or controlled by Williams Sonoma; and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

36. Williams Sonoma indirectly infringes one or more claims of the '745 Patent or the '838 Patent by inducement under 35 U.S.C. § 271(b). Williams Sonoma has induced and continues to induce users of the accused web applications, software, and computer equipment identified above to directly infringe one or more claims of the '745 Patent and/or the '838 Patent. Williams Sonoma indirectly infringes one or more claims of the '745 Patent and/or the '838 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the accused web applications, software, and computer equipment identified above, Williams Sonoma contributes to the direct infringement of users of said applications, software, and computer equipment.

37. As a direct and proximate consequence of the acts and practices of the Defendants in infringing and/or inducing the infringement of one or more claims of the '745 Patent, Droplets has been, is being, and, unless such acts and practices are enjoined by the Court, will continue to suffer injury to its business and property rights.

38. As a direct and proximate consequence of the acts and practices of the Defendants in infringing and/or inducing the infringement of one or more claims of the '838 Patent, Droplets has been, is being, and, unless such acts and practices are enjoined by the Court, will continue to suffer injury to its business and property rights.

39. As a direct and proximate consequence of the acts and practices of the Defendants in infringing, directly and/or indirectly, one or more claims of the '745 Patent, Droplets has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

40. As a direct and proximate consequence of the acts and practices of the Defendants in infringing, directly and/or indirectly, one or more claims of the '838 Patent, Droplets has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

41. In addition, the infringing acts and practices of the Defendants has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Droplets for which there is no adequate remedy at law, and for which Droplets is entitled to injunctive relief under 35 U.S.C. § 283.

## IV. PRAYER FOR RELIEF

Plaintiff prays for the following relief:

A. A judgment that each Defendant has infringed, directly and indirectly, one or more claims of the '745 Patent;

B. A judgment that each Defendant has infringed, directly and indirectly, one or more claims of the '838 Patent;

C. A judgment and order enjoining each Defendant, its employees and agents, and any other person(s) in active concert or participation with it from infringing, directly or indirectly, the '745 Patent;

D. A judgment and order enjoining each Defendant, its employees and agents, and any other person(s) in active concert or participation with it from infringing, directly or indirectly, the '838 Patent;

E. A judgment and order requiring each Defendant to pay Plaintiff's damages under 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

F. An award of all costs of this action;

G. Pre-judgment and post-judgment interest to the maximum rate allowed by law;

H. A declaration that this is an exceptional case pursuant to 35 U.S.C. § 285 and an award of Plaintiff's attorneys' fees;

I. In the alternative, in the event injunctive relief is not granted as requested by Droplets, an award of a compulsory future royalty; and

J. Such other and further relief as the Court deems just and equitable.

## V. DEMAND FOR JURY TRIAL

Plaintiff hereby demands that all issues be determined by a jury.

DATED:  September 11, 2011　　　　　　　　　Respectfully submitted,


**MCKOOL SMITH, P.C.**

/s/  Theodore Stevenson, III  _____
Theodore Stevenson, III
LEAD ATTORNEY
Texas State Bar No. 19196650
tstevensom@mckoolsmith.com
MCKOOL SMITH, PC
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Tel: (214) 978-4974
Fax: (214) 978-4044

Sam F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
MCKOOL SMITH, P.C.
104 E. Houston St., Ste. 300
P.O. Box O
Marshall, Texas 75670
Tel: (903) 923-9000
Fax: (903) 923-9095

Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
MCKOOL SMITH, P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Tel: (512) 692-8700
Fax: (512) 692-8744

Brandon M. Jordan
Virginia State Bar No. 75054
bjordan@mckoolsmith.com
MCKOOL SMITH, P.C.
1999 K Street, N.W., Suite 600
Washington, DC  20006
Tel: (202) 370-8387
Fax: (202) 370-8344

                    James A. Holmes
                    Texas State Bar No. 00784290
                    The Law Office of James Holmes, P.C.
                    212 South Marshall
                    Henderson, TX 75654
                    903.657.2800
                    903.657.2855 (facsimile)
                    jh@jamesholmeslaw.com

                    **ATTORNEYS FOR PLAINTIFF DROPLETS, INC.**