*E-FILED: May 28, 2013*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DROPLETS, INC.,

               Plaintiff,

      vs.

NORDSTROM, INC.,

           Defendant.

Case No. 5:12-cv-04049 EJD

**STIPULATED [PROPOSED]
PROTECTIVE ORDER**

**(MODIFIED BY THE COURT)**

     The parties, by and through their respective counsel of record, stipulate that the following Protective Order shall apply in the above-captioned action, subject to approval and entry by the Court:

1.    <u>PURPOSES AND LIMITATIONS</u>

     Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4 below, that this Stipulated Protective Order does

not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3      Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4      Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5      Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6      Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7      Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9      "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely

sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., e-discovery support, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. **For a period of six months after final disposition of this litigation, this Court will retain jurisdiction to enforce the terms of this order.**

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

The Parties recognize, however, that discovery in this case may involve the review and production of large volumes of documents and that it may be difficult and unduly burdensome for each Party to separately review each page of each produced document to determine a proper designation. The Parties shall make good faith efforts to review and properly designate documents prior to their production. In the event that it appears one or more documents have been improperly designated, the Parties shall meet and

confer in attempt to resolve any disputes concerning the proper designation of such document(s). Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any attendee at a deposition (other than a court reporter or videographer) at which Protected Material is shown or discussed must be qualified under this Order to review that Protected Material. Anyone not qualified may be excluded from the portion of any deposition in which Protected Material is shown or discussed.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection

being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person or by phone; other forms of communication are not sufficient) within 14

days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the parties shall follow the discovery dispute resolution procedure outlined in the Discovery Standing Order of Magistrate Judge Howard R. Lloyd. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this

litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel and court reporters and their staff;

(e) professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," subject to additional restrictions on the disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" information which are set forth elsewhere in this Protective Order only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) For "HIGHLY CONFIDENTIAL" documents other than source code, up to two (2) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;[1]

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel and court reporters and their staff;

(e) professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

In no event shall any person otherwise qualifying under the above subparagraphs (a)-(f) be either a Party or an officer, director, or employee of a party, unless authorized by a prior order of the Court or the prior written approval of the Producing Party; but this provision shall not apply to a Designated House Counsel of the Receiving Party under subparagraph 9(b), above.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.</u>

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the

---

[1] Notwithstanding anything stated in sub-paragraph 7.3(b), Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

Designated House Counsel and the city and state of his or her residence and (2) describes the Designated

House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in

sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive

decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party,

a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been

designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to

the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the

Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and

the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4)

identifies the Expert's current employer(s) and 8-year employment history, (5) identifies each person or

entity from whom the Expert has received compensation or funding for work in his or her areas of

expertise or to whom the expert has provided professional services, including in connection with a

litigation, at any time during the preceding eight years,[2] and (6) identifies (by name and number of the

case, filing date, and location of court) any litigation in connection with which the Expert has offered

expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the

preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding

respective paragraphs may disclose the subject Protected Material to the identified Designated House

Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection

from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1  Party (in person or by phone) to try to resolve the matter by agreement within seven days of the written

2  objection. If no agreement is reached, **the parties shall comply with the undersigned's Standing Order** the Party seeking to make the disclosure to Designated House

3  **re Civil Disputes.** Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil

4  Local Rule 79-5 and General Order 62, if applicable) seeking permission from the court to do so. Any

5  such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure

6  to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the

7  disclosure would entail, and suggest any additional means that could be used to reduce that risk. In

8  addition, any such motion must be accompanied by a competent declaration describing the parties' efforts

9  to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and

10  setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

11  In any such proceeding, the Party opposing disclosure to Designated House Counsel or the

12  Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the

13  safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its

14  Designated House Counsel or Expert.

15  8.  PROSECUTION BAR

16  Absent written consent from the Producing Party, any individual who receives access to

17  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

18  SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications

19  relating to the delivery of applications over the internet to a client computer, including without limitation

20  the patents asserted in this action and any patent or application claiming priority to or otherwise related to

21  the patents asserted in this action, before any foreign or domestic agency, including the United States

22  Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes

23  directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of

24  patent claims.[3] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a

25  party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue

26

27  _____

28  [3] Prosecution includes, for example, original prosecution, reissue, reexamination, and inter-partes review proceedings.

STIPULATED [PROPOSED] PROTECTIVE ORDER
No. 5:12-cv-04049 EJD

12

protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action. To avoid any doubt, 'prosecution' as used in this paragraph does not include providing copies of non-confidential prior art asserted in this litigation to patent prosecution counsel, nor discussing the scope and content of such non-confidential prior art with prosecution counsel for the purpose of ensuring that any such non-confidential prior art is disclosed to the Patent Office and for ensuring that Droplets and its prosecution counsel do not take contrary positions before this Court and the Patent Office; however, in no event will the discussions with prosecution counsel include any reference, mention, or disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" materials of a Party or Non-Party. Any individual with access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" will not be involved in the drafting, revising, or amending of any claims, or be involved in any discussions regarding the drafting, revising, or amending of any claims, in any patents or patent applications relating to the delivery of applications over the internet to a client computer, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action.

Further, counsel for each party shall designate only two outside counsel who may have discussions with prosecution counsel regarding non-confidential prior art.

9.      SOURCE CODE

(a)  To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)  Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c)  Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured, password-protected computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.  No recordable media, or recording devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the source code review room. Prior to entering the Source Code Review Room, all persons must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the Source Code.

(d)  Prior to the first inspection of any requested Source Code, the Receiving Party shall provide ten (10) business days' notice to schedule the initial Source Code inspection with the Producing Party's Outside Counsel. The Receiving Party shall provide five (5) business days' notice in advance of scheduling any additional Source Code inspections. Such notice shall include the names, titles, and contact information for every individual from the Receiving Party who will attend the inspection.

(e)  Access to the secured computers with the source code shall be limited to at most four (4) of the Receiving Party's Outside Counsel of Record in this action and three (3) Experts of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(f)  The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the

Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(g) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(h) Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party must remove all notes, documents, and any other material from the source code review room. The Producing Party is not responsible for any items left in the room following each inspection session, and the Receiving Party has no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

10. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[4]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

---

[4] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1          3.      make the information requested available for inspection by the Non-Party.

2          (c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of

3  receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's

4  confidential information responsive to the discovery request. If the Non-Party timely seeks a protective

5  order, the Receiving Party shall not produce any information in its possession or control that is subject to

6  the confidentiality agreement with the Non-Party before a determination by the court.[5] Absent a court

7  order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court

8  of its Protected Material.  **See Paragraph 16.**

9  12.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material

11  to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving

12  Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use

13  its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

14  persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such

15  person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto

16  as Exhibit A.

17  13.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
           MATERIAL

18

19         When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

20  material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are

21  those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

22  whatever procedure may be established in an e-discovery order that provides for production without prior

23  privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an

24  agreement on the effect of disclosure of a communication or information covered by the attorney-client

25  privilege or work product protection, the parties may incorporate their agreement in the stipulated

26  protective order submitted to the court.

27  _____

28  [5] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-
Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

STIPULATED [PROPOSED] PROTECTIVE ORDER                                            17
No. 5:12-cv-04049 EJD

14.    MISCELLANEOUS

14.1    Modification. The Parties may modify this Order only by written agreement. The Court may modify this Order upon a showing of good cause. Nothing in this Order shall be construed as precluding any Party from seeking such modification.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.   In addition, no Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" may leave the territorial boundaries of the United States of America.

14.4    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

14.5    Continuing Jurisdiction. After the conclusion of the lawsuit between the Parties, the provisions of this Order shall continue to be binding until further Court order. This Court shall have

1  exclusive jurisdiction to hear any complaint brought by any Party alleging that any person has breached

2  the terms of this Order.  Such complaint shall be brought by motion for appropriate relief.  The Court shall

3  also retain jurisdiction over the Parties and any other person who has had access to Protected Material so

4  that the Court can continue to enforce this Order.

5         14.6      Right to Seek Additional Protection of Discovery Material.  This Protective Order is

6  entered without prejudice to the right of any Party to seek further or additional protection of discovery

7  material for which the protection of this order is not believed by such party to be adequate.  Nothing in this

8  Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional

9  protection, including, without limitation, an order that certain matter not be produced at all.

10         14.7      Injunctive Relief.  In the event anyone violates or threatens to violate the terms of this

11  Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against

12  any such person.  The Parties and any other person subject to the terms of this Protective Order agree that

13  this Court shall retain jurisdiction over them for the purpose of enforcing this Protective Order,

14  notwithstanding any subsequent disposition of this action.

15         14.8      Persons Bound by Order.  This Protective Order shall be binding upon the Parties hereto,

16  their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal

17  representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and

18  any persons or organizations over which they have direct control.

19         14.9      No Waiver of Rights.  Execution of this Protective Order shall not constitute a waiver of

20  the right of any Party to claim in this action or otherwise that any discovery material, or any portion

21  thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any

22  other proceeding.

23  15.     FINAL DISPOSITION

24         Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving

25  Party must return all Protected Material to the Producing Party or destroy such material. As used in this

26  subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other

27  format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned

28  or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the

1  same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category,

2  where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

3  Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format

4  reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are

5  entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

6  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and

7  consultant and expert work product, even if such materials contain Protected Material. Any such archival

8  copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in

9  Section 4 (DURATION).  Additionally, Counsel is not required to search its email records to identify

10  Protected Material to be returned or destroyed under this Section.   **

11  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

12  DATED:  May 24, 2013                          */s/ James E. Quigley*
                                                 Courtland L. Reichman
13  **\*\*16. In the event of any discovery or**    MCKOOL SMITH HENNIGAN, P.C.
    **disclosure dispute, the parties and any**      255 Shoreline Drive, Suite 510
14  **affected non-parties shall comply with**       Redwood Shores, CA 94065
    **the undersigned's Standing Order re**          Tel: (650) 394-1401
15  **Civil Discovery Disputes.**                     Fax: (650) 551-9901
16
                                                 Josh W. Budwin
17                                                Texas State Bar No. 24050347
                                                 jbudwin@mckoolsmith.com
18                                                James E. Quigley
                                                 Texas State Bar No. 24075810
19                                                jquigley@mckoolsmith.com
                                                 MCKOOL SMITH, P.C.
20                                                300 West Sixth Street, Suite 1700
                                                 Austin, Texas 78701
21                                                Tel: (512) 692-8700
                                                 Fax: (512) 692-8744
22
23                                                **ATTORNEYS FOR PLAINTIFF**
                                                 **DROPLETS, INC.**
24
25
26  DATED:  May 24, 2013                          */s/ Robert J. Artuz*_____
                                                 E. Danielle T. Williams
27                                                dtwilliams@kilpatricktownsend.com
                                                 KILPATRICK TOWNSEND & STOCKTON, LLP
28                                                1001 W. Fourth Street
                                                 Winston-Salem, NC  27101

Telephone:  (336) 607-7306
Facsimile:  (336) 607-7500

William H. Boice
bboice@kilpatricktownsend.com
Russell A. Korn
rkorn@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON, LLP
1100 Peachtree Street, Suite 2800
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

Robert J. Artuz
rartuz@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON, LLP
1080 Marsh Road
Menlo Park, CA 94025
Telephone:  (650) 326-2400
Facsimile:  650-326-2422

**ATTORNEYS FOR DEFENDANT
NORDSTROM, INC.**

Filer's Attestation

Pursuant to Civil Local Rule 5-1(i)(3), Robert Artuz, hereby attests that the above-named signatories concur in this filing.

DATED:  May 24, 2013

_/s/ Robert J. Artuz_
Robert J. Artuz

**AS MODIFIED BY THE COURT,
PURSUANT TO STIPULATION, IT IS SO ORDERED.**

^

DATED: _____May 28, 2013_____        _____

THE HONORABLE EDWARD J. DAVILA

United States District/Magistrate Judge

THE HONORABLE HOWARD R. LLOYD

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

I, _____ [print or type full name], of _____

4

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand

5

the Stipulated Protective Order that was issued by the United States District Court for the Northern District

6

of California on _____ [date] in the case of _____ **[insert formal name of the case and the**

7

**number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms

8

of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could

9

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not

10

disclose in any manner any information or item that is subject to this Stipulated Protective Order to any

11

person or entity except in strict compliance with the provisions of this Order.

12

I further agree to submit to the jurisdiction of the United States District Court for the

13

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order,

14

even if such enforcement proceedings occur after termination of this action.

15

I hereby appoint _____ [print or type full name] of

16

_____ [print or type full address and telephone number] as my

17

California agent for service of process in connection with this action or any proceedings related to

18

enforcement of this Stipulated Protective Order.

19

20

Date: _____

21

City and State where sworn and signed: _____

22

Printed name: _____
                        [printed name]

23

24

Signature: _____
                        [signature]

25

26

27

28

STIPULATED ~~[PROPOSED]~~ PROTECTIVE ORDER
No. 5:12-cv-04049 EJD

22