Courtland L. Reichman (CA Bar No. 268873)
creichman@reichmanjorgensen.com
Phillip J. Lee (CA Bar No. 263063)
plee@reichmanjorgensen.com
Michael G. Flanigan (CA Bar No. 316152)
mflanigan@reichmanjorgensen.com
Reichman Jorgensen LLP
303 Twin Dolphin Drive, Suite 600
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

Attorneys for Plaintiff
*Droplets, Inc.*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| DROPLETS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>YAHOO!, INC.,<br><br>        Defendant. | Case No. 12-cv-03733-JST<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| DROPLETS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>NORDSTROM, INC.,<br><br>        Defendant. | Case No. 12-cv-04049-JST<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

Counsel for Plaintiff Droplets, Inc. ("Droplets") and Defendants Yahoo! Inc. ("Yahoo")[1] and Nordstrom, Inc. ("Nordstrom") (collectively, "Defendants"), submit this Joint Case Management Statement. Docket citations are to the *Yahoo!* Case (Case No. 3:12-cv-03733-JST) and *Nordstrom* Case (Case No. 3:12-cv-04049-JST).

## I. Jurisdiction and Service

This Court has subject matter jurisdiction over this action at least under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). Venue is proper in this Court pursuant to 28 USC §§ 1391 and 1400. All parties have been served, there are no issues relating to service of process.

## II. Facts

### *Droplets' Statement*

#### A. Objection to Characterization of Oath as a Party

As an initial matter, Droplets objects to and does not agree with any characterizations of the defendant as "Yahoo/Oath" since Droplets has not sued Oath Holdings, Inc. Yahoo! Inc. (now through a name change known as Altaba, Inc.) is the Defendant. Oath Holdings, Inc. is not a party to this case. Oath Holdings, Inc. has no standing to make a joint case management submission in a case in which it is not a party. As of February 20, 2019, opposing counsel stated that they now represent Defendant Yahoo! Inc. (n/k/a Altaba Inc.) in addition to separately representing Oath Holdings, Inc. Counsel previously stated that it did not represent Yahoo! Inc., but now states that it does.

#### B. Background

Droplets is an innovative software company that was founded in March 2000 by veteran software entrepreneurs with over 15 years of experience working and innovating together. Droplets has sold products based on its technology to Global 1000 enterprises, the U.S. armed services, independent software vendors, and application service providers. Its patents have been licensed to Fortune 500 companies, and they have survived invalidity challenges in high-stakes litigation. Here,

---

[1] ***Yahoo's Statement:*** Yahoo! Inc. that was originally sued in 2011 is no longer the same entity and is now Oath Holdings, Inc. and Altaba Inc.

***Droplets' Statement:*** Droplets disputes that Yahoo! Inc. is now Oath Holdings, Inc. Oath Holdings, Inc. is not a party to this case and Droplets objects to the characterization of Oath as a party.

Droplets asserts infringement of U.S. Patent Nos. 6,687,745 ("the '745 patent") against Yahoo and Nordstrom. The '745 patent is directed to technology for delivering functional and scalable applications over the internet.

## C. Procedural Posture

In May through September 2011, through prior counsel, Droplets asserted the '745 patent and other patents, including U.S. Patent Nos. 7,502,838 ("the '838 patent") and 8,402,155 ("the '155 patent"), in three cases filed in the Eastern District of Texas ("EDTX") against several defendants. After several severance and transfer orders, six actions existed in front of five courts. Relevant here, the cases against Yahoo and Nordstrom, where the asserted patents included the '745 and '838 patents, were transferred to this Court in July 2012, and the two cases were related on April 30, 2013.[2]

On September 14, 2012, Google Inc. and Facebook Inc., defendants in related cases, filed a request for an *inter partes* reexamination of the '838 patent, and the Patent Office granted the request on November 15, 2012. On September 13, 2013, this Court stayed the *Yahoo!* and *Nordstrom* cases pending the *inter partes* reexamination of the '838 patent.

In yet another related case that remained in EDTX, on January 16, 2015, a jury found Sears and Overstock infringed the '745, '838, and '155 patents. The jury also determined that Droplets' patents were not obvious in light of the prior art presented at trial. The jury awarded $11 million against Sears and $4 million against Overstock. While post-trial motions were pending, the parties respectively reached a settlement, and the cases were dismissed.

The '838 patent was determined to be invalid in the *inter partes* reexamination, and this decision was affirmed by the Federal Circuit on October 17, 2017. On October 1, 2018, the Supreme Court denied Droplets' petition for a writ of certiorari to review the Federal Circuit's decision.[3]

---

[2] A third case against Williams Sonoma, Inc. also was transferred to this Court from the EDTX. *See* Case No. 3:12-cv-04047-JST. In that case, the parties filed a stipulation for dismissal on June 21, 2013, and the case was dismissed on June 27, 2013.

[3] Defendants in a related case in the Southern District of New York pursued *inter partes* review of the '115 patent. On April 19, 2018, the Federal Circuit affirmed the determination of the Patent Trial and Appeal Board that all claims of the '115 patent are invalid. In addition, on March 9, 2015, the SDNY court granted defendants' motion for summary judgment of noninfringement of the '745 patent. The parties filed a stipulation for dismissal on December 6, 2018, and the case was dismissed on December 10, 2018.

The '745 patent is the remaining asserted patent in this case. The principal factual issues in dispute relate to whether the Defendants' products infringe, directly or indirectly, the '745 patent, the validity of the '745 patent, and damages. Importantly, the '745 patent has undergone *ex parte* reexamination, which was requested by Adobe Systems Inc. on August 3, 2007. The Patent Office did not invalidate any of the claims in that process – none of the original 26 claims of the '745 patent were amended or rejected and additional claims were added (claims 27 – 104).

**D.     Current Status of This Case**

A Verizon affiliate has purchased certain assets from Yahoo, and it appears that those assets are now held in a Verizon subsidiary called Oath Holdings, Inc. Today, Yahoo's counsel for the first time took the position that Yahoo cannot be liable for ongoing infringement <u>after</u> the assets were transferred to the Verizon affiliate (now Oath Holdings, Inc.). Specifically, Yahoo now alleges that the business operations that are the subject of Droplet's infringement allegations have been transferred to a Verizon affiliate as part of the aforementioned asset sale and now are held by Oath Holdings, Inc. (a subsidiary of Verizon). If, in fact, Yahoo! Inc. no longer makes, uses, offers for sale, or sells infringing products, Droplets will amend the Complaint to limit infringement allegations to the period in which Yahoo was infringing and will not seek damages or relief from Yahoo for infringement that post-dates the date in which Yahoo ceased infringing. Droplets will need to confirm the truth of Yahoo's allegations.

Yahoo also asserts that liabilities for infringement of the Droplets patent that <u>predated</u> the asset sale also were transferred to a Verizon affiliate and now are owned by Oath Holdings Inc. (a subsidiary of Verizon). In short, Yahoo claims that it unilaterally assigned away any liability for this lawsuit. Droplets did not consent to a transfer of liability for past (pre-asset-transfer) infringement of its patents. Yahoo (which it appears by virtue of a name change to now be called Altaba Inc.) remains to be an operational, viable company with significant assets. It is not owned by or affiliated with Verizon to Droplets' knowledge. As such, Droplets position is that Yahoo (n/k/a Altaba Inc.) could not unilaterally transfer away liability for patent infringement without Droplets' consent, and therefore

Yahoo remains properly named as a defendant in this case at least with respect to liability for actions that took place before the asset transfer to the Verizon affiliate.

While Yahoo demands an immediate dismissal on the basis of its representations (without even verification through discovery), it is incorrect as to the law. A party cannot absent extraordinary circumstances (not present here) unilaterally transfer away liabilities. Procedurally, if Yahoo believes it has a viable defense on this basis, Droplets respectfully submits that the appropriate procedure is to move for summary judgment at the appropriate time. Droplets is, however, confident based on the facts of which it is aware, that such a motion would not have merit because it is black letter law that a party may not unilaterally assign away its liabilities.

Yahoo also requests a stay of this case pending resolution of what it terms a motion to substitute the parties, by which it apparently intends to eliminate Yahoo from the case (on the basis of its transferring liabilities theory) without filing a motion to dismiss or motion for summary judgment. As a threshold matter, a motion to substitute the parties is not an appropriate procedural vehicle in which to rule on the merits of whether Yahoo is liable. Further, a stay is inappropriate. According to Yahoo, this transfer of assets took place approximately two years ago, yet it waited until now to raise it, and the day before this CMC Statement was due to request a stay. Droplets is prejudiced by the delay, and there is no reason to further delay a merits resolution of this case so Yahoo can *seriatim* litigate defenses while the remainder of the case is stayed. There is no facial merit to the argument that the Court can reach a merits resolution dismissing Yahoo on a motion to substitute the parties, and in all events, Yahoo's extraordinary delay is raising this issue militates against staying this case even longer.

### ***Defendants' Joint Statement***

Plaintiff omits relevant procedural history from its recitation. On March 9, 2015, with full knowledge of the jury verdict in Eastern District of Texas, summary judgment of non-infringement of the '745 patent was granted in favor of six defendants in a related case that was transferred to the Southern District of New York. That summary judgment was granted after that court construed certain claim terms, which are all in issue in this case as well. Droplets declined to appeal, and on December 10, 2018, it dismissed with prejudice the action in the Southern District of New York

*__Yahoo/Oath's Statement__*

On June 13, 2017, Yahoo! Inc. ("Yahoo") transferred to Yahoo! Holdings Inc. all assets and liabilities relevant to this action, which Plaintiff has asserted infringement claims against in its pleadings and infringement contentions. On January 1, 2018, Yahoo Holdings Inc. transferred to Oath Holdings Inc. ("Oath") all assets and liabilities relevant to this action. Oath Holdings Inc. is a wholly-owned subsidiary of Verizon Communications, Inc. ("Verizon"). Yahoo raised this issue with Droplets as soon as the 5-year stay was lifted in this case and has provided Droplets both public and confidential documents that demonstrate the assignment of assets and liabilities. As it has done is matter across the country, Yahoo is concurrently filing a motion to substitute the parties. *See, e.g.*, *Hypermedia Navigations LLC v. Yahoo!, Inc.*, Case No. 4:17-cv-03188-HSG, Dkt. No. 62 (N.D. Cal. July 12, 2017); *MyMail, LTD., v. Yahoo! Inc.*, Civil Action No. 2:16-cv-01000-JRG-RSP, Dkt. No. 101 (E.D. Tex. July 12, 2017); *Product Association Technologies, LLC v. Yahoo! Inc.*, Civil Action No. 2:17-cv-00272-JRG, Dkt. No. 40 (E.D. Tex. July 19, 2017). Given the transfer of assets and liabilities, Yahoo/Oath should not be included in this case based upon a license to the patent-in-suit. There is no need for discovery related to this issue. As such, Droplets should immediately dismiss Yahoo/Oath from this matter. Given Droplets' refusal to recognize the appropriate defendant, Yahoo requests that the Court stay this matter for 90 days while the dispute is briefed and resolved by the Court.

Altaba, Inc. ("Altaba") is an investment company that holds unrelated assets that originally made up party of Yahoo! Inc. Plaintiff has not accused any assets or properties held by Altaba of infringement in this litigation, yet Plaintiff insists that Altaba is a proper party defendant and is currently considering whether it maintains any claims against Altaba.

Yahoo and Oath concurrently filed a motion to substitute the parties, so that the proper entity that owns the assets and liabilities related to the claims asserted in the pleadings and infringement contentions—Oath—is joined in this matter. Given Droplets' refusal to recognize the appropriate defendant, Yahoo request that the Court stay this matter for 90 days while the dispute is briefed and resolved by the Court.

Out of an abundance of caution Yahoo/Oath provides the following statement. Yahoo/Oath dispute Plaintiff's allegation that it has innovated any type of technology. Yahoo/Oath deny infringement, under any theory, of any valid and enforceable claim of the '745 patent. Additionally, Yahoo/Oath contend that the patent is invalid for failure to comply with one or more of the requisite statutory or decisional requirements and conditions for patentability under Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto. Yahoo/Oath also contend that Plaintiff is barred from asserting its claims by, among other things, a license to practice the claims of the '745 patent, prosecution history estoppel and prosecution history disclaimer, and that waiver and other affirmative defenses apply. Finally, based on their investigation to date, Yahoo/Oath contends that it was not on notice of the patent until service of the Plaintiff's Complaint in this action. Yahoo/Oath also reserves the right to allege that the patent is unenforceable due to inequitable conduct by the patentee.

### ***Nordstrom's Statement***

Nordstrom disputes Plaintiff's allegation that it has innovated any type of technology. Nordstrom denies infringement, under any theory, of any valid and enforceable claim of the '745 patent. Additionally, Nordstrom contends that the patent is invalid for failure to comply with one or more of the requisite statutory or decisional requirements and conditions for patentability under Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto. Nordstrom also contends that Plaintiff is barred from asserting its claims by, among other things, a license to practice the claims of the '745 patent, prosecution history estoppel and prosecution history disclaimer, and that waiver and other affirmative defenses apply. Finally, based on its investigation to date, Nordstrom contends that it was not on notice of the patent until service of the Plaintiff's Complaint in this action. Nordstrom also reserves the right to allege that the patent is unenforceable due to inequitable conduct by the patentee.

# III. Legal Issues

## *Droplets' Statement of Legal Issues:*

The legal issues in dispute are: whether the '745 patent is valid under 35 U.S.C. §§ 101-103, 112; whether the patent is enforceable under those statutes and relevant rules; whether Defendants infringe the '745 patent under 35 U.S.C. § 271; the extent to which damages are appropriate under 35 U.S.C. § 284, including past damages and supplemental damages for any post-verdict infringement; and whether this is an exceptional case pursuant to 35 U.S.C. § 285 and the extent to which an award of fees and costs is appropriate.

Droplets has named Yahoo! Inc. (now understood to be called Altaba, Inc.) as the Defendant in this case. It has not named Oath Holdings Inc. as a Defendant. Plaintiff therefore disputes Defendants' assertion that "whether Yahoo/Oath are licensed to practice the '745 patent is at issue in this case against Yahoo. Oath is not a defendant and defendant Yahoo, to Droplets' knowledge, does not have a license to the '745 patent.

## *Defendants' Statement of Legal Issues:*

The legal issues in dispute include: whether Yahoo/Oath are licensed to practice the '745 patent; whether Altaba, Inc. is a proper defendant in this action; whether the '745 patent is valid under 35 U.S.C. §§ 101-103, 112; whether the patent is enforceable under those statutes and relevant rules; whether Droplets is collaterally estopped from rearguing certain claim constructions; whether Defendants infringe the '745 patent under 35 U.S.C. § 271; the extent to which damages are appropriate under 35 U.S.C. § 284, including past damages and supplemental damages for any post-verdict infringement; and whether this is an exceptional case pursuant to 35 U.S.C. § 285 and the extent to which an award of fees and costs is appropriate.

# IV. Motions

*Yahoo's Position:* Yahoo and Oath are concurrently filing a motion to substitute the parties, so that the proper entity that owns the assets and liabilities related to the claims asserted in the pleadings and infringement contentions—Oath—is joined in this matter. Given Plaintiff's current posture, it is also anticipated that Yahoo will file a motion regarding whether Altaba, Inc. is a proper

defendants in this action. Given Droplets' refusal to recognize the appropriate defendant, Yahoo and Oath request that the Court stay this matter for 90 days while the dispute is briefed and resolved by the Court.

Yahoo/Oath also anticipate a motion to enforce a license to practice the '745 patent

***Nordstrom's Position:*** These two cases should remain on a common schedule. Nordstrom therefore requests that its case be stayed if the *Yahoo!* case is stayed. Nordstrom plans to file a motion to enforce collateral estoppel regarding certain claim terms. Nordstrom requests that this issue be resolved before the Patent Local Rule claim construction process begins. Nordstrom also anticipates a motion to enforce a license to practice the '745 patent.

***Droplets' Position:*** Droplets does not consent to a non-party filing a motion in this action, except as permitted by the Federal Rules of Civil Procedure. Droplets objects to a non-party taking a position in this CMC Statement. Droplets disagrees with Yahoo's positions, but will address the merits of them should Yahoo file a motion.

## V. Amendment of Pleadings

Droplets is evaluating whether to add additional parties or otherwise amend the pleadings as it relates to ongoing or future infringement in the case against Yahoo based on the transactions between Yahoo and Verizon entities and will conduct discovery on that issue. In this regard, as stated above, today, Yahoo's counsel for the first time took the position that Yahoo cannot be liable for ongoing infringement <u>after</u> the assets were transferred to the Verizon affiliate (now Oath Holdings, Inc.). Specifically, Yahoo now alleges that the business operations that are the subject of Droplet's infringement allegations have been transferred to a Verizon affiliate as part of the aforementioned asset sale and now are held by Oath Holdings, Inc. (a subsidiary of Verizon). If, in fact, Yahoo! Inc. no longer makes, uses, offers for sale, or sells infringing products, Droplets will amend the Complaint to limit infringement allegations to the period in which Yahoo was infringing and will not seek damages or relief from Yahoo for infringement that post-dates the date in which Yahoo ceased infringing. Droplets will need to confirm the truth of Yahoo's allegations.

Further, as noted above, counsel for a non-party has suggested that it will move to substitute parties. Droplets objects to such a motion to the extent it is filed by a non-party. Further, Yahoo continues to exist under the name Altaba Inc., and Droplets has not agreed to release Yahoo. Yahoo is a proper party to this action. Substitution is not warranted, and Droplets does not consent to any such substitution.

Deadlines for amending pleadings are included in the Proposed Schedule included in Section 17.

Defendants object to any amendment of pleadings that would include adding additional causes of action or patents-in-suit.

## VI. Evidence Preservation

Counsel for the parties have conferred with their clients and have taken reasonable steps to preserve readily-accessible evidence in their possession and control relevant to the claims or defenses in this action, including ESI. An agreed-upon ESI order based on the ESI guidelines has been entered in the *Yahoo!* action, *Yahoo!* Dkt. 250, and the parties in the *Nordstrom* action have begun working towards the same.

## VII. Disclosures

The parties have served initial disclosures and exchanged infringement and invalidity contentions. Droplets served amended infringement contentions on May 17, 2013.

Droplets plans to amend its infringement contentions and Defendants plan to amend their invalidity contentions, as reflected in the proposed schedule.

## VIII. Discovery

### A. Discovery Taken to Date

The parties served initial disclosures and exchanged infringement and invalidity contentions, along with accompanying document productions related to their contentions. Although no party has served requests for production pursuant to Rule 34, the parties have made document productions relating to the accused products and Droplets' past litigation. Droplets served six interrogatories to which Yahoo and Nordstrom responded.

The parties recognize their continuing obligations under Federal Rule of Civil Procedure 26(e) to supplement their disclosures as necessary.

**B.      Limitations on Discovery**

***Droplets' Statement:***

Droplets disagrees that the case should be stayed pending any motion. Specifically, Droplets was notified of the plans to file the motion on collateral estoppel and the motion for substitution of parties on February 19, 2019—one day before the date of this filing.

This case was stayed for years pending reexamination at the Patent Office. Now Yahoo is requesting a stay again so that the parties can brief substitution of parties. As an initial matter, the transactions that are at the heart of the motion took place in 2017, so Yahoo had plenty of time to bring such a motion earlier. More fundamentally, Yahoo is seeking to force Droplets to brief whether it can maintain a case against a viable entity that continues in existence absent discovery or normal process. In effect, this is an effort to obtain summary judgment relief without providing Droplets with the discovery or process required by the Federal Rules.

As for the collateral estoppel issue, issue preclusion or collateral estoppel is fact specific. Whether or not there is collateral estoppel stemming from prior claim constructions necessarily depends on the claim construction issues in this case. Absent the exchange of the parties' claim constructions, the court can offer nothing more than an advisory opinion on this issue. Proceeding with patent contention exchanges and discovery will facilitate the resolution of this issue.

In sum, this case presents nothing extraordinary to require a stay, and as such, the case should proceed in the normal course. In all events, Droplets respectfully requests that any stay be considered only after the parties are afforded an opportunity to be heard through appropriate motion and briefing of the issues.

Droplets anticipates discovery to move quickly in this case to the extent substantial discovery have already taken place in the prior related cases, and to the extent, invalidity and infringement have been thoroughly litigated during the reexamination of the '745 patent at the Patent Office and at trial in the EDTX.

***Yahoo's Statement:***

Yahoo requests a 90-day stay of all deadline, including discovery, while the parties brief and the Court addresses Yahoo!/Oath's motion to substitute parties. Following a 5-year stay of this matter, Yahoo promptly brought this matter to Droplets attention, providing both public and private documents that show the transfer of assets and liability to Oath; however, Droplets' refuses to acknowledge the transfer. Following the ruling on that motion, Yahoo requests an additional case management conference to address discovery limitations in light of the ruling.

***Nordstrom's Statement:***

As stated above, Nordstrom requests that any stay ordered in the *Yahoo!* case also apply to the Nordstrom case so as to maintain coordinated schedules in the two cases. Nordstrom is not now seeking to stay discovery pending the resolution of claim construction estoppel, merely to resolve that issue before briefing claim construction. Resolution of that issue has the potential to simplify claim construction briefing and facilitate resolution of the matter as a whole.

### 1. Interrogatories

Plaintiff may serve up to ten (10) Interrogatories stated identically to all Defendants and fifteen (15) interrogatories stated individually to each individual Defendant.

Defendants may collectively serve up to ten (10) common interrogatories stated identically on Plaintiff and may each individually serve up to fifteen (15) additional interrogatories on Plaintiff.

### 2. Requests for Admission

Except for authentication, admissibility, and/or whether a document qualifies as a prior art under 35 U.S.C. § 102, Plaintiff may serve up to thirty (30) common requests for admission on Defendants in this action, which each Defendant shall answer individually, and Plaintiff may serve an additional ten (10) individual requests for admission on each Defendant in this action.

Similarly, except for authentication, admissibility, and/or whether a document qualifies as prior art under 35 U.S.C. § 102, Defendants in this action, jointly, may serve up to thirty (30) common requests for admission on Plaintiff, and each Defendant in this action may serve an additional ten (10) individual requests for admission on Plaintiff.

In addition, the parties may serve an unlimited number of requests for admission to establish the authenticity of documents, admissibility of documents, and/or requests for admission as to whether a document qualifies as prior art under 35 U.S.C. § 102.

Requests for admission directed to document authentication, admissibility, and/or whether a document qualifies as prior art under 35 U.S.C. § 102 shall be clearly denoted as such and shall be served separately from any requests for admission subject to the numerical limitations stated above.

3.     Fact Witness Depositions

The total number of non-expert deposition hours taken by each side, including Rule 30(b)(6) depositions, third-party depositions, inventor depositions, and other individual depositions, shall not exceed 250 hours.

As applied to Plaintiff, no more than 70 total deposition hours, or up to ten (10) separate depositions, whichever occurs first, can be taken of a single Defendant in this action, including 30(b)(6) and 30(b)(1) depositions.

As applied to Defendants, no more than 70 total deposition hours, or up to ten (10) separate depositions, whichever occurs first, can be taken of Plaintiff in this action, including 30(b)(6) and 30(b)(1) depositions.

***Droplets' Statement:***

The parties will deem the depositions of the following four named inventors to be included in this 70 hour/10 deposition limit of depositions of Plaintiff: Frank Rose (Droplets' employee); Lou Franco (Droplets' Advisory Board Member); Greg Blonder (Droplets' Advisory Board Member); and Phillip Brittan (former member of the Droplets' Board of Directors and current Droplets' shareholder). The following three named inventors will not be deemed to be included in this 70 hour/10 deposition limit of depositions of Plaintiff in this action: Mark Cunningham; Alex Bulkin; and Matt Baskin.

***Defendants' Statement:***

There are seven named inventors of the '745 patent, and even if those witnesses are also 30(b)(1) or 30(b)(6) witnesses for Droplets, depositions of those inventors do not count against the limits in this paragraph, except (1) if those inventors are being deposed on topics unrelated to their

role as inventors, the time on the record devoted to such topics shall count against the 70 hour total or (2) the deposition of any inventor as a Droplet's 30(b)(6) designee (on any topic) will count against the 10 deposition total. In no event will these limitations operate to deprive Defendants of the opportunity to depose a named inventor on inventor-related topics.

### 4. Expert Witness Depositions:

To the extent an expert report or disclosure of any expert witness testifying on behalf of Plaintiff is addressed to alleged activities (e.g., alleged infringement or damages) of more than one Defendant in this action, such expert may be deposed for an additional four (4) hours per additional Defendant in this action addressed, not to exceed thirty-five (35) hours regardless of the number of Defendants in this action addressed, and in no event shall any one Defendant in this action depose such expert concerning such report or disclosure for more than seven (7) hours.

To the extent an expert report or disclosure of any expert witness testifying on behalf of multiple Defendants in this action is addressed to alleged activities (e.g., alleged infringement or damages) of more than one Defendant in this action, such expert may be deposed for up to four (4) additional hours per additional Defendant in this action addressed not to exceed thirty-five (35) hours regardless of the number of Defendants in this action addressed, and in no event shall Plaintiff depose such expert concerning the alleged activities of any one particular Defendant in this action addressed in such report or disclosure for more than seven (7) hours.

### C. Protective Order and Discovery of ESI

Droplets and Yahoo have agreed to ESI and protective orders. *See Yahoo!* Dkts. 250, 251. Droplets and Nordstrom have agreed to a protective order, *Nordstrom* Dkt. 48, and have begun working towards an ESI order.

### D. Privilege and Privilege Logs

***Droplets' Statement:***

Droplets objects to a stay as set forth above. By the time set out in the Proposed Schedule included in Section 17, the parties must exchange privilege logs indicating any material information

otherwise discoverable that is being withheld as privileged. Fed. R. Civ. P. 26(b)(5). The parties have agreed by stipulation to Appendix A.

**_Defendants' Statement:_**

Defendants request a 90-day stay of all deadlines, including exchange of privilege logs, while the parties brief and the Court addresses Yahoo/Oath's motion to substitute parties. Following the ruling on that motion, Defendants request an additional case management conference to address future deadlines in light of the ruling.

### E. Service by Email

The parties agree that all documents will be served electronically by email, except that documents too large for email service shall be timely made available on an FTP or similar file-sharing service and accompanied by an email describing the documents served.

## IX. Class Actions:

This is not a class action.

## X. Related Cases

There are currently no related cases pending before any court.

## XI. Relief

Droplets seeks a judgment that each Defendant has infringed, directly and indirectly, one or more claims of the '745 patent; a judgment and order enjoining each Defendant, its employees and agents, and any other person(s) in active concert or participation with it from infringing, directly or indirectly, the '745 Patent; a judgment and order requiring each Defendant to pay Plaintiff's damages under 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed; a declaration that this is an exceptional case pursuant to 35 U.S.C. § 285 and an award of Plaintiff's attorneys' fees; in the event injunctive relief is not granted as requested by Droplets, an award of a compulsory future royalty; and an award of all costs of this action.

Defendants seek a declaration that Defendants have not infringed, either directly or indirectly, the '745 patent; a declaration that the '745 patent is invalid or unenforceable; a declaration that this is an exceptional case under 35. U.S.C. § 285 and an award of reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and that the Court aware any other further relief the Court may deem just and proper.

## XII. Settlement and ADR

Before the parties and the Court expend resources undertaking the obligations required by the patent local rules, the parties agree to private mediation at the outset before a neutral mediator at a time, date, and place that is mutually acceptable to both parties. The parties have previously engaged in settlement discussions and may find settlement discussions at the initial stages fruitful.

### *Droplets' Statement:*

Droplets believes that settlement discussions at the outset may be beneficial for the parties. In that vein, it proposes the Court require the parties to seek private mediation thirty 30 days following the Case Management Conference (subject to mediator's availability).

### *Nordstrom's Statement:*

A formal mediation will be more effective after there is a claim construction order in this case and therefore proposes that if a deadline is set for private mediation, it be no sooner than 30 days following a claim construction order. Having a later mediation date does not preclude the parties from discussing settlement at early stages.

## XIII. Consent to Magistrate Judge for All Purposes

The parties do not consent to having a magistrate judge conduct all further proceedings including trial and entry of judgment.

## XIV. Other References: None

## XV. Narrowing of Issues

### *Droplets' Statement*

Droplets is willing to limit the number of asserted claims against Defendants to no more than five (5) claims, if Yahoo and Nordstrom are required to reduce the number of asserted prior art

references to no more than ten (10) total between Yahoo and Nordstrom (where a combination of references is counted as a reference for purposes here). Limiting the number of asserted claims and asserted prior art references will streamline claim construction issues and will narrow the scope of discovery (particularly third-party discovery from various prior art authors).

### *Defendants' Statement*

Yahoo/Oath and Nordstrom contend they have a license to practice the '745 patent. Addressing this issue at the outset of the litigation has the possibility of substantially narrowing the issues in this case.

In response to Droplets' statement, Defendants are amenable to Droplets' limiting the number of asserted claims, and agrees that it should do so promptly. Plaintiff's request to limit the number of prior art references that Defendants may cite is premature and unwarranted. As this Court has stated, "[w]hile a reduction in the number of claims provides obvious efficiencies to decide infringement and invalidity issues, similar efficiencies are not created by reducing the number of prior art references. In fact, it has little impact beyond the number of references considered in an expert report." *DCG Systems,* C.A. No. 11-cv-03792 PSG, Dkt. No. 108 (N.D. Cal. Aug. 20, 2012) (Grewal, M.J.).

## XVI. Expedited Trial Procedure

The parties agree that it is not appropriate to expedite this case under the Expedited Trial Procedure of General Order No. 64.

## XVII. Scheduling

The parties dispute whether the case should be stayed or whether the case should move forward in the normal course.

Droplet's Proposed Schedule:

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline to serve amended infringement contentions | Friday, March 22, 2019 |
| Deadline for Plaintiff to limit asserted claims to five (5) | Friday, March 22, 2019 |
| Deadline to serve amended invalidity contentions | Friday, April 26, 2019 |

| | |
|---|---|
| Deadline for Defendants to limit the total number of prior art references or combinations to no more than ten (10) | Friday, April 26, 2019 |
| Exchange proposed terms for construction (Patent L.R. 4-1(a)) | Friday, May 10, 2019 |
| Exchange preliminary claim construction and extrinsic evidence (Patent L.R. 4-2(a) and 4-2(b)) | Friday, May 31, 2019 |
| Damages contentions (Patent L.R. 3-8) | Friday, June 21, 2019 |
| Deadline to file Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) | Friday, July 12, 2019 |
| Responsive damages contentions (Patent L.R. 3-9) | Friday, July 26, 2019 |
| Claim Construction Discovery Deadline | Friday, August 16, 2019 |
| Deadline for Droplets to file opening Claim Construction brief (Patent L.R. 4-5(a)) | Friday, August 30, 2019 |
| Deadline for Defendant to file response to opening Claim Construction brief (Patent L.R. 4-5(b)) | Friday, September 13, 2019 |
| Deadline for Droplets to file reply to Claim Construction brief (Patent L.R. 4-5(c)) | Friday, September 20, 2019 |
| Claim Construction Technology Tutorial | Subject to Court's approval |
| Claim Construction Hearing[4] | Subject to Court's availability in September |
| Amendments to contentions | TBD (if allowed by Court order) |

[4] The parties have not determined whether they will rely on experts for claim construction purposes or live testimony at the claim construction hearing, but should the parties desire and are permitted by the Court to do so, the parties expect to be able to work in good faith to agree to an appropriate arrangement and schedule.

| | |
|---|---|
| Deadline to Disclose Advice of Counsel (Patent L.R. 3-7) | 30 days after claim construction ruling |
| Deadline to complete mediation | 30 days after claim construction ruling |
| Deadline to amend pleadings | Friday, December 6, 2019 |
| Deadline to exchange privilege logs | TBD (the parties to confer on the appropriate date for the exchange) |
| Deadline for completion of all fact discovery | Friday, January 31, 2020 |
| Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof | Friday, February 21, 2020 |
| Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof | Friday, March 20, 2020 |
| Deadline for completion of all expert discovery | Friday, April 17, 2020 |
| Deadline for dispositive and *Daubert* motions | Friday, May 1, 2020 |
| Deadline for oppositions to dispositive and *Daubert* motions | Friday, May 22, 2020 |
| Deadline for replies to dispositive and *Daubert* motions | Friday, May 29, 2020 |
| Hearing on dispositive and *Daubert* motions | TBD or subject to Court's availability |
| Pretrial Conference | Friday, August 21, 2020 or subject to Court's availability |
| Trial | Monday, September 14, 2020 or subject to Court's availability |

Droplets objects to a stay as set forth above.

**_Defendants' Statement:_**

Defendants request a 90-day stay while the parties brief and the Court addresses Yahoo/Oath's motion to substitute parties. Following the ruling on that motion, Defendants request an additional case management conference to address any remaining pretrial events and the proposed deadlines for the same.

***Nordstrom's Statement:***

If the Court does not stay the Nordstrom matter, Nordstrom requests that 90 days be built into the schedule at the onset of the case for the issue of claim construction estoppel to be briefed, argued, and decided.

**XVIII. Trial**

The parties have demanded jury trials. Droplets' believes a 5-day trial is sufficient. Defendants believe a 10-day trial is necessary in light of, *inter alia*, the disparate accused instrumentalities and the number of inventors.

**XIX.  Disclosure of Non-party Interested Entities or Person**

Certificates of Interested Persons or Entities, Civil Local Rule 3-16, have been filed.

**XX.  Professional Conduct:**

The attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XXI.  Other Matters**

None.

Dated: February 20, 2019

/s/ Phillip J. Lee
Courtland L. Reichman (CA Bar No. 268873)
creichman@reichmanjorgensen.com
Phillip J. Lee (CA Bar No. 263063)
plee@reichmanjorgensen.com
Michael G. Flanigan (CA Bar No. 316152)
mflanigan@reichmanjorgensen.com Reichman
Jorgensen LLP
303 Twin Dolphin Drive, Suite 600
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

ATTORNEYS FOR PLAINTIFF
DROPLETS, INC.

/s/ Jennifer H. Doan (w/ permission)
Jennifer H. Doan
(admitted *pro hac vice*)
Texas Bar No. 08809050
Joshua R. Thane
(admitted *pro hac vice*)
Texas Bar No. 24060713
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com

ATTORNEYS FOR DEFENDANT
YAHOO! INC.

/s/ Benjamin M. Kleinman (w/ permission)
KILPATRICK TOWNSEND & STOCKTON
LLP
Jordan Trent Jones
(State Bar No. 166600)
jtjones@kilpatricktownsend.com
1080 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752 2433
Facsimile: (650) 326 2422

Benjamin M. Kleinman
(State Bar No. 261846)
bkleinman@kilpatricktownsend.com
Two Embarcadero Center Suite 1900
San Francisco, CA 94111
Telephone: (415) 273-7122
Facsimile: (415) 723-7122

ATTORNEYS FOR DEFENDANT
NORDSTROM, INC.

Pursuant to Civil L.R. 5-1(i)(3) regarding signatures, I attest under penalty of perjury that the concurrence in the electronic filing of this document has been obtained from the signatories.

Dated: February 20, 2019                    s/ Phillip J. Lee

                                            Phillip J. Lee

## Appendix A

### Privilege and Privilege Logs

(a) Privileged materials created after the date of filing of this lawsuit need not be identified on a privilege log, unless a Defendant intends to rely on opinion of counsel as a defense to willfulness; Any documents or information not produced to the other side on the basis of privilege or discovery exemption will not be used as an exhibit at trial;

(b) Nothing in this Joint Report shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity. If any party inadvertently or unintentionally produces materials protected under the attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity, any holder of that privilege, right, or immunity may obtain the return of those materials by notifying the recipient(s) promptly after the discovery of the inadvertent or unintentional production and providing a privilege log for the inadvertently or unintentionally produced materials. The recipient(s) shall gather and return all copies of the privileged or immune material to the producing party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, during which the contested privileged materials may be submitted to the Court under seal/in camera for the Court by the party claiming privilege to determine whether any privilege applies. Such written challenge may include sufficient information regarding the content of the allegedly privileged materials in question to allow the challenging party to explain the basis for the challenge, provided that such information is submitted to the Court under seal/in camera. Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business.

### Discovery from Experts

(a) **Designation of Expert(s) and Report(s) by Party With the Burden of Proof:** Unless otherwise stipulated or directed by order, each party must file a written designation of the name and address of each **expert witness** who will testify at trial on each issue for which that party bears the burden of proof. The party must also otherwise comply with Rule 26(a)(2) — including disclosure of the expert report(s) — by the time set out in the Proposed Schedule included in Section 17**.** Each party is limited to three testifying experts.

**(b) Designation of Expert(s) and Report(s) on Issues on Which the Party Does Not Bear the Burden of Proof:** Each party must file a written designation of the name and address of each **expert witness** who will testify at trial on each issue for which that party does not bear the burden of proof. The party must also otherwise comply with Rule 26(a)(2) — including disclosure of the expert report(s) — by the time set out in the Proposed Schedule included in Section 17.

**(c) Rebuttal Expert(s):** If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) must be made within **30 days** after the disclosure made by the other party. Fed. R. Civ. P. 16(b)(1).

**(d) Challenges to Experts:** The parties are directed to file any objections to, or motions to strike or exclude expert testimony no later than by the time set out in the Proposed Schedule included in Section 17.

**(e) Production Requirements for Experts:** A testifying expert's draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes, or outlines of draft reports that the testifying expert prepared in other cases be subject to discovery in this case. Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting expert who does not testify, except to the extent that the consulting expert has provided information, opinion, or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony, or any other opinion in this case. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case. Materials, communications (including e-mail), and other information exempt from discovery under this paragraph shall be treated as attorney work product for the purposes of this litigation.